PER CURIAM.
Appellant, Target Trailer, Inc., appeals an order denying attorney’s fees under the Florida Deceptive and Unfair Trade Practices Act, section 501.2105, Florida Statutes (1991). We reverse.
In the trial court, appellee (Feingold) filed a complaint against appellant for replevin, conversion, and deceptive and unfair trade practices. The court dismissed Feingold’s second amended complaint with prejudice, rendering a final judgment against him. Feingold appealed and the appeal was dismissed. Appellant then sought attorney’s fees and the court denied appellant’s motion.
Section 501.2105(1), Florida Statutes (1991), states:
In any civil litigation resulting from a consumer transaction involving a violation of this part, ... the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney’s fees and costs from the nonprevailing party.
The law is clear on this issue. “The plaintiff, having invoked the [Florida Deceptive and Unfair Trade] Act, is liable for an áttor-ney’s fee because he did not prevail.” Rustic Village, Inc. v. Friedman, 417 So.2d 305, 306 (Fla. 3d DCA 1982). The prevailing party in a consumer protection suit is “entitled to attorneyfs] fees without-regard to the basis upon which the party prevails.” Leitman v. Boone, 439 So.2d 318, 321-22 (Fla. 3d DCA 1983). Because a final judgment was entered against Feingold, appellant fs the prevailing party under section 501.2105. We therefore reverse and remand for an award of attorney’s fees in favor of appellant.
Reversed and remanded.