824 So.2d 195 (2002)
DISCOVERY EXPERIMENTAL AND DEVELOPMENT, INC., a Florida corporation; Discovery Distributing, Inc.; B & B Freight Forwarding, Inc.; Astak, Inc.; and James T. Kimball, Appellants,
v.
DEPARTMENT OF HEALTH f/k/a Department of Health and Rehabilitative Services, Appellee.
No. 2D01-2412.
District Court of Appeal of Florida, Second District.
June 14, 2002.
Rehearing Denied August 16, 2002.
*196 R. Elliott Dunn, Jr., Wesley Chapel, for Appellant Discovery Experimental and Development, Inc.
James T. Kimball, pro se.
No appearance for Appellants Discovery Distributing, Inc.; B & B Freight Forwarding, Inc; and Astak, Inc.
Robert P. Daniti, Senior Attorney, Department of Health, Tallahassee, for Appellee.
STRINGER, Judge.
Appellants challenge an award of attorney's fees and costs to the Department of Health (DOH) as the prevailing party in its civil enforcement action to enjoin the illegal manufacture and sale of a non-FDA approved drugliquid deprenyl. We affirm the award in part and reverse in part.
After an evidentiary hearing on DOH's motion for attorney's fees and costs, the trial court entered a final judgment awarding the agency attorney's fees and costs totaling $794,120.96. This award represents attorney's fees of $751,035, as well as costs and expert fees of $43,085.96 incurred during DOH's litigation in the underlying action, which spanned some seven years. The trial court applied a 2.0 risk multiplier to enhance the attorney's fee award. Appellants challenge DOH's entitlement to fees by arguing that the trial court failed to make sufficient findings of fact on entitlement. They also assign error to the 2.0 risk multiplier used to enhance the fee award.
Appellate courts apply an abuse of discretion standard in reviewing a trial court's determination on the entitlement of attorney's fees. Gibbs Const. Co. v. S.L. Page Corp., 755 So.2d 787, 790 (Fla. 2d DCA 2000). Section 120.69(7), Florida Statutes (2000), authorizes the award of costs, reasonable attorney's fees, and expert witness fees to the prevailing party in enforcement actions "whenever the court determines that such an award is appropriate."
*197 DOH prevailed in each of its claims following a nonjury trial in the underlying action.[1] Section 120.69(7) only requires that the moving party prevail and that the trial court determine that a fee award is "appropriate." § 120.69(7). The final judgment on DOH's petition satisfies these requirements by granting the agency its requested relief, and by simply stating, "The [D]epartment is entitled to recover reasonable attorney's fees and costs against each of the defendants, pursuant to section 120.69(7) ...." This is sufficient to support the trial court's determination as to DOH's entitlement to fees, and we find no abuse of discretion.
Appellants also contend that the trial court abused its discretion by applying a contingency risk multiplier to the fee award. We agree that existing case law does not support fee enhancement in the present case. In Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985), the supreme court cited increased access to courts and competent counsel as compelling policy rationales for enhancing fee awards by use of contingency risk multipliers. The court reasoned that the contingency risk factor is important to plaintiffs in personal injury cases because it facilitates access to the court system and the services of attorneys who might otherwise be unwilling to accept plaintiffs' cases. Id. However, risk multipliers should not be used "unless the applicant can establish that without an adjustment for risk the prevailing party `would have faced substantial difficulties in finding counsel in the local or other relevant market.'" Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 832 (Fla.1990) (quoting Pa. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987)).
Robert Daniti's affidavit filed in support of DOH's motion for attorney's fees indicates that he is employed as a senior attorney with the agency and served in that capacity throughout the proceedings below. DOH prosecuted the underlying action pursuant to its administrative and regulatory duties and had "built-in" representation by virtue of its status as a state agency. Because DOH did not bear the risk of nonpayment in the event of a loss, it was an abuse of discretion to enhance its attorney's fee award. On remand, the trial court shall enter an award of attorney's fees without use of the 2.0 contingency risk multiplier.
Affirmed in part, reversed in part, and remanded.
PARKER and CASANUEVA, JJ., concur.
NOTES
[1] The proceedings below were bifurcated into jury and nonjury trials. The instant appeal challenges fees awarded after the nonjury trial on DOH's petition for enforcement and injunctive relief.