840 So.2d 1158 (2003)
H.S. MUSSELWHITE, Jr., Appellant/Cross Appellee,
v.
Brian L. CHARBONEAU & Kathleen E. Charboneau, Appellees/Cross-Appellant.
Nos. 5D01-2032, 5D01-3023.
District Court of Appeal of Florida, Fifth District.
March 28, 2003.
*1159 James Edward Cheek, III, of Winderweedle, Haines, Ward & Woodman, P.A., Orlando, for Appellant/Cross-Appellee.
Richard A. Kupfer of Richard A. Kupfer, P.A., West Palm Beach, for Appellees/Cross-Appellant.
THOMPSON, C.J.
H.S. Musselwhite, Jr. ("Musselwhite") appeals the award of attorney's fees and costs to Brian and Kathleen Charboneau ("the Charboneaus"). We affirm.
This case arises from a lease purchase agreement between Musselwhite, the seller, and the Charboneaus, the buyers, for property consisting of approximately 3,000 acres of land. The only access to the property was a single dirt road running across railroad tracks owned by CSX Transportation, Inc. ("CSX"). The lease purchase agreement warranted that there was ingress and egress sufficient for the intended use of the land, but CSX issued a notice that a license agreement was required to cross CSX's railroad tracks. Despite his efforts, Musselwhite was unable to negotiate an ingress agreement with CSX.
In July 1994, the Charboneaus filed suit against Musselwhite for, among other things, breach of contract and specific performance. We affirmed the trial court's conclusions that Musselwhite had breached the contract, see Musselwhite v. Charboneau, 709 So.2d 199 (Fla. 5th DCA 1998), but that the Charboneaus were not entitled to specific performance, Charboneau v. Musselwhite, 758 So.2d 688 (Fla. 5th DCA 2000). After the second appeal, the Charboneaus moved below for attorney's fees and costs contending that they were the prevailing party. In granting the motion, the trial court stated:
I'm satisfied based on the parties' arguments that, in fact, the plaintiff [the *1160 Charboneaus] is the prevailing party here; that they are entitled to attorneys' fees reasonably expended for the prosecution of the case; that proceeding under alternative theories of relief, one for equitable and one for legal remediesor money damages, they were successful on one of those. And under those circumstances, they will be considered the prevailing party and be entitled to reasonable attorney's fees for all time expended outside of the appellate process, because the appeals court has determined the fees on both appeals.
On appeal, Musselwhite contends that the trial court erred in deciding that the Charboneaus prevailed, and in failing to apportion the fees. "The fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." See Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992). When reviewing the trial court's determination on the entitlement of attorney's fees, the standard of review is an abuse of discretion. Discovery Experimental Development, Inc. v. Department of Health, 824 So.2d 195 (Fla. 2d DCA 2002).
We find no abuse of discretion in the trial court's determination that the Charboneaus prevailed. Although the Charboneaus were unsuccessful in obtaining the equitable relief they sought, they succeeded in proving that Musselwhite breached the contract and in obtaining alternative relief in the form of money damages. Compare, Green Companies, Inc. v. Kendall Racquetball Investment, Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995) (reversing award of attorney's fees to the defendant on the issue of damages where, although the jury did not award money damages, the jury found that the defendant had breached the contract, and where the plaintiff obtained equitable relief), disagreed with on other grounds, Merchants Bonding Co. v. City of Melbourne, 832 So.2d 184 (Fla. 5th DCA 2002). Musselwhite also contends that the law of the case established him as the prevailing party when we granted his motion for attorney's fees on a prior appeal. We also affirm on this issue because the order granting the motion for fees established Musselwhite as the prevailing party only in that appeal.
Next, Musselwhite contends that the trial court erred in not apportioning the fees with respect to the breach of contract claim, on which the Charboneaus prevailed, and the specific performance claim upon which they did not prevail. We disagree. In Folta v. Bolton, 493 So.2d 440 (Fla.1986), the court held that a party may recover all attorney's fees incurred even though the party prevails on fewer than all counts if the claims involve alternative and interrelated theories of liability for a single wrong. Id. at 443. In the instant case, the claims for specific performance and breach of contract were all interrelated theories of liability.
AFFIRMED.
SHARP, W. and SAWAYA, JJ., concur.