951 So.2d 966 (2007)
The HUMANE SOCIETY OF BROWARD COUNTY, INC., Appellant,
v.
The FLORIDA HUMANE SOCIETY, Appellee.
No. 4D06-1239.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
*967 Barry L. Haley and Clark A.D. Wilson of Malin, Haley & DiMaggio, P.A., Fort Lauderdale, for appellant.
George H. Aslanian, Jr. of Aslanian & Aslanian, Fort Lauderdale, for appellee.
GROSS, J.
The Humane Society of Broward County, Inc. ("Broward Humane") appeals the circuit court's award of prevailing party attorney's fees to The Florida Humane Society ("Florida Humane"), under section 501.2105(1), Florida Statutes (2006), Florida's Deceptive and Unfair Trade Practices Act (FDUTPA). Florida Humane cross-appeals the amount of prevailing party attorney's fees awarded by the trial court. We affirm on all issues.
Broward Humane filed a five-count complaint against Florida Humane alleging common law servicemark infringement, common law trademark infringement, unfair competition, violation of Florida's Deceptive and Unfair Trade Practices Act, and dilution. Broward Humane alleged that Florida Humane deliberately and willfully deceived the public to blur the identity of the parties. Broward Humane sought to enjoin Florida Humane from using the term "humane society" in Broward County.
After a bench trial, the circuit court entered a final judgment in favor of Florida Humane on all claims. Florida Humane timely filed a motion to tax costs and attorney's fees under section 501.2105, Florida Statutes (2003). At the hearing on the motion for fees and costs, Florida Humane presented testimony that it was only able to pay $7,000 during the course of the litigation; $5,700 was paid for costs and $1,300 was paid to counsel. Recognizing Florida Humane's lack of funds to finance litigation and the existence of a fee-authorizing statute, Florida Humane and its attorney entered into a fee agreement where *968 the attorney would bill the society at a reduced rate of $200; if successful, Florida Humane would seek to recover a fee award from Broward Humane at counsel's normal hourly rate of between $250 and $300. The trial judge acknowledged that "both groups are doing good work and ultimately donations are going to be used to pay attorney's fees, whichever way it goes."
The trial court found that Florida Humane's attorney expended 453.80 hours at a reasonable rate of $200.00, for a total attorney fee award of $90,760; the court also awarded $5,846 for costs and $3,750 for expert witness fees, resulting in a total judgment for $100,356. Broward Humane appealed the award and Florida Humane cross-appealed the amount of the award.
An award of attorney's fees to the prevailing party under sections 501.2105(1)-(4) of FDUTPA is discretionary with the trial court. See Gen. Motors Acceptance Corp. v. Laesser, 791 So.2d 517, 520 n. 3 (Fla. 4th DCA 2001). Absent an abuse of that discretion, the court's award of fees must be upheld. See First Fed. Sav. & Loan Ass'n of Palm Beaches v. Bezotte, 740 So.2d 589, 590 (Fla. 4th DCA 1999); Discovery Experimental & Dev. Inc. v. Dep't of Health, 824 So.2d 195 (Fla. 2d DCA 2002).
Broward Humane contends that under the FDUTPA a losing plaintiff should be shielded from liability for fees and costs unless the plaintiff's lawsuit is "frivolous, unreasonable, or without foundation." See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Broward Humane argues that requiring the unsuccessful plaintiff to pay the prevailing defendant's fees constitutes a penalty against the plaintiff and does not foster the goals of FDUTPA.
Broward Humane points to Florida's Anti-Trust Act section 542.22(1), Florida Statutes (2003), to support its argument that a prevailing FDUTPA defendant should only be awarded attorney's fees when a "court finds there was a complete absence of justiciable issue of either law or fact raised by the Plaintiff." Broward Humane looks to the court's recognition in Mack v. Bristol-Myers Squibb Co., 673 So.2d 100 (Fla. 1st DCA 1996), that the Anti-Trust Act and FDUTPA, have "essentially the same purpose" to contend that the award of prevailing party fees under both actions should be comparable. See Wakulla County v. Davis, 395 So.2d 540, 542 (Fla.1981) (explaining that established principles of statutory interpretation require that two statutes having the same purpose be construed harmoniously to the extent possible).
We reject this argument because the Anti-Trust Act contains a specific standard for the award of fees to a prevailing defendant, while FDUTPA does not.
Section 542.22(1), of the F.A.A. reads
Any person who shall be injured in her or his business or property by reason of any violation of s. 542.18 or s. 542.19 may sue therefor in the circuit courts of this state and shall recover threefold the damages by her or him sustained, and the cost of suit, including a reasonable attorney's fee. The court shall award a reasonable attorney's fee to a defendant prevailing in any action under this chapter for damages or equitable relief in which the court finds there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff.

(Emphasis added). Section 542.22(1) contains explicit legislative direction as to when a prevailing defendant is to be awarded attorney's fees"when the court finds there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff." Id. Section 501.2105(1) contains no comparable language limiting a fee award to a prevailing defendant.
*969 We note that another portion of FDUTPA, section 501.2105(5), limits an award of attorney's fees against the enforcing authority to situations where the court finds that there "was a complete absence of a justiciable issue of law or fact raised by the losing party or if the court finds bad faith on the part of the losing party." Where the legislature intended to impose a stricter standard on the award of attorney's fees under FDUTPA, it did so. The plain meaning of section 501.2105(1) admits of only one interpretation, that the legislature gave trial courts the discretion to award prevailing party attorney fees to both plaintiffs and defendants under the same standards. See Gen. Motors Acceptance Corp., 791 So.2d at 520 n. 3 (recognizing that section 501.2105 placed an award of fees and costs, for both prevailing plaintiffs and prevailing defendants, within the discretion of the trial court).
No Florida court has directly addressed the question of whether different standards should apply to a prevailing plaintiff as opposed to a prevailing defendant under section 501.2105(1) of FDUTPA. In General Motors Acceptance Corp., we rejected the argument that the predecessor to the present section was intended to apply "only to the prevailing party plaintiff." Id. at 520. Hal Laesser did not address whether a court should apply different standards in evaluating an award of attorney's fees to a prevailing plaintiff as opposed to a prevailing defendant.
Section 501.2105(1), Florida Statutes (2003), reads:
(1) In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.
Although the statute does not distinguish between prevailing plaintiffs and defendants, Broward Humane urges a reading that would generally award fees to a prevailing plaintiff, but would entitle a prevailing defendant to fees only if the plaintiff's "statutory claim is frivolous or groundless."
Broward Humane relies on Christiansburg to support its argument that Florida courts should curtail awards of fees and costs under section 501.2105(1) to prevailing defendants similar to the federal rule for Title VII cases.[1] In Christiansburg the Supreme Court addressed the question of "under what circumstances an attorney's fee should be allowed when the defendant is the prevailing party in a Title VII action." 434 U.S. at 414, 98 S.Ct. 694. In addressing this issue, the Court looked at section 706(k) of Title VII of the Civil Rights Act of 1964 which provides in full:
In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.
78 Stat. 261, 42 U.S.C. § 2000e-5(k). After analyzing the policy issues pertaining to the determination of a fee award under the civil rights statute, the Supreme Court held that district courts may only "award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the *970 plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." See Christiansburg Garment Co., 434 U.S. at 415, 98 S.Ct. 694.
In so holding, the Court concluded that there were "two strong equitable considerations counseling an attorney's fee award to a prevailing Title VII plaintiff that are wholly absent in the case of a prevailing Title VII defendant." First, "the plaintiff is the chosen instrument of Congress to vindicate `a policy that Congress considered of the highest priority.'" Id. at 418, 98 S.Ct. 694 (quoting Newman v. Piggie Park Enter., 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)). Second, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them "against a violator of federal law." Christiansburg Garment Co., 434 U.S. at 412, 98 S.Ct. 694. The Court went on to say "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risk inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." Id. at 422, 98 S.Ct. 694.
The Court ruled that a prevailing defendant should not be awarded prevailing party attorney's fees "routinely, . . . simply because he succeeds." The Court held that a successful defendant's award of fees need not be limited to situations where plaintiffs acted in bad faith, but instead applied in cases where the "claim was frivolous, unreasonable, [ ] groundless, or that the plaintiff continued to litigate after it clearly became so." Id. The Court indicated that
no statutory provision would have been necessary had an award of fees to a prevailing defendant been based only on the plaintiff's bad faith in bringing the action, for even under the American common-law rule (which ordinarily does not allow attorney's fees to the prevailing party) such fees can be awarded against a party who has proceeded in bad faith. . . . Needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.
Id.
The Court found support for its conclusion in the "sparse legislative history" of section 706(k). Looking to the legislative history of section 706 the court determined that "while Congress wanted to clear the way for suits to be brought under the Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis." Id. at 420, 98 S.Ct. 694. The Court then determined that awarding fees to a defendant only upon a finding that the plaintiff's actions were "frivolous, unreasonable, or without foundation" would accomplish both of these goals. Id. at 421, 98 S.Ct. 694.
We reject the invitation to read Christiansburg into the statute. Florida law requires us to apply the plain meaning of section 501.2105(1). When construing statutes, a court ascertains and gives effect to the intent of the legislature. See Payne v. Payne, 82 Fla. 219, 89 So. 538, 539 (1921). In determining that legislature's intent, the supreme court has explained that "`we look first to the statute's plain meaning.'" Knowles v. Beverly Enters.  Fla., Inc., 898 So.2d 1, 6 (Fla.2004) (citing Moonlit Waters Apart., Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996)). "Normally, `[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'" Id. *971 (citing Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931))). Thus,
[i]n making a judicial effort to ascertain the legislative intent implicit in the statute, courts are bound by the plain and definite language of the statute and are not authorized to engage in semantic niceties or speculations. If the language of the statute is clear and unequivocal, then the legislative intent must be derived from the words used without involving incidental rules of construction or engaging in speculation as to what the judges might think that the legislators intended or should have intended.
Tropical Coach Line, Inc. v. Carter, 121 So.2d 779, 782 (Fla.1960).
Prior to a 1994 amendment, FDUTPA provided for the mandatory award of reasonable attorney's fees to any prevailing party. See Target Trailer, Inc. v. Feingold, 632 So.2d 198 (Fla. 3d DCA 1994); Smith v. Bilgin, 534 So.2d 852, 852 (Fla. 1st DCA 1988); Rustic Village, Inc. v. Friedman, 417 So.2d 305, 306 (Fla. 3d DCA 1982); see also Gen. Motors Acceptance Corp., 791 So.2d at 517. The 1994 amendment to section 501.2105 placed an award of prevailing party attorney's fees within the discretion of the trial court. See Hubbel v. Aetna Cas. & Sur. Co., 758 So.2d 94, 101 (Fla.2000) (Lewis, J., concurring in part and dissenting in part) (citing Ch. 94-298, § 501.2105, Fla. Stat. (Supp. 1994)).
We interpret this amendment as a legislative recognition that mandatory fee awards had a chilling effect on consumer plaintiffs bringing suit under FDUTPA. Consistent with the primary policy of the statute "[t]o protect the consuming public . . . from those who engage in unfair methods of competition, deceptive, or unfair acts or practices in the conduct of any trade or commerce," the legislature removed the mandatory award of fees to the prevailing party from the statute and placed the award of fees in the trial court's discretion.[2] The plain language of the statute does not suggest that the Legislature intended to treat prevailing defendants differently than prevailing plaintiffs.
To apply Christiansburg to section 501.2105(1), as Broward Humane urges, would be to rewrite the statute. For this court to so change legislation would be an extra-judicial act which usurps legislative authority. Adoption of the Christiansburg standard in this case would steal from the trial court the very discretion that the legislature has allowed in determining FDUTPA fee awards. In exercising its discretion, factors that a trial court might consider include, but are not limited to:
(1) the scope and history of the litigation;
(2) the ability of the opposing party to satisfy an award of fees;
(3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
(4) the merits of the respective positions  including the degree of the opposing party's culpability or bad faith;
(5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
(6) whether the defense raised a defense mainly to frustrate or stall;

*972 (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.
See Rosen v. Rosen, 696 So.2d 697, 700-01 (Fla.1997); Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1415 (9th Cir.1983) (citing Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980) (involving award of attorney's fees under 29 U.S.C. § 1132(g)(1) in a lawsuit involving a prevailing defendant employers in a suit brought to enforce section 515 of ERISA, 29 U.S.C. § 1145)).
The trial court's award of fees was within its discretion. As the trial court observed, Broward Humane was a larger organization than Florida Humane, with deeper pockets. Without funds to secure a defense attorney, Florida Humane was able to hire an attorney on the hope that a successful defense would allow it to recover fees from the plaintiff. This was not a test case with broad application; it was a business dispute involving two litigants under narrow circumstances.
Rejecting Florida Humane's arguments on the cross appeal, we also hold that the trial court's determination of the amount of the fees was not an abuse of its discretion.
WARNER and POLEN, JJ., concur.
NOTES
[1] Florida has already adopted the Christiansburg standard in cases brought under Florida's Civil Rights Act. See McCoy v. Pinellas County, 920 So.2d 1260 (Fla. 2d DCA 2006); see generally Estate of Smith v. Hollywood, 644 So.2d 158 (Fla. 4th DCA 1994); Oldring v. School Bd. of Duval County, 567 So.2d 519 (Fla. 1st DCA 1990); Steinberg v. City of Sunrise, 545 So.2d 424 (Fla. 4th DCA 1989).
[2] "The [FDUTPA] is a potentially powerful tool to redress unfair and deceptive trade practices as well as unfair methods of competition. However, . . . permitting [the mandatory] recovery of attorney's fees by the prevailing [defendants] presented a problem for potential plaintiffs and their attorneys in evaluating whether to assert an FDUTPA claim." David J. Federbush, Entitlement to Attorney's Fees Under FDUTPA, 78-JAN Fla. B.J. 26 (2004).