[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16117
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-22409-CV-PAS

BARBARA COLOMAR,

                                                Plaintiff-Appellee,

versus

MERCY HOSPITAL, INC.,

                                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 11, 2009)

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

    Barbara Colomar brought a putative class action lawsuit against Mercy

Hospital, Inc., and Catholic Health East, Inc. asserting, among other things, a

violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. The district court eventually denied class action certification and granted summary judgment to Catholic Health and Mercy. Mercy then moved for attorney's fees and costs under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.2105(1), 28 U.S.C. § 1927, and Fed. R. Civ. P. 54(d)(1). The magistrate judge recommended that the motion be denied in its entirety. (R.8-259 at 9.) The district court denied the motion to the extent that it sought fees and costs under the FDUTPA and 28 U.S.C. § 1927, but granted the motion to the extent that it sought costs under Rule 54(d)(1), and accordingly awarded Mercy $8,268.46 in costs. (R.8-269 at 11.)

Mercy appeals, challenging the denial of its motion for attorney's fees under the FDUTPA.

Mercy first argues that the denial of its motion for fees was erroneous because the district court failed to consider relevant evidence, namely, that Colomar's counsel agreed in a "Rights Agreement" to pay any award of fees or costs incurred by her in the class action suit. The parties disagree as to what standard of review should govern this issue. Mercy argues that a harmful error standard of review applies because it only seeks consideration of whether the district court erred in not considering relevant evidence, while Colomar argues that this court reviews awards

2

(or denials) of attorney's fees for an abuse of discretion. While Mercy appears to disagree with the manner in which the district court weighed some factors (i.e. Appellant's Br. at 24 n.12; 26 n.13), Mercy unequivocally argues that it seeks review only of the district court's complete failure to consider evidence that was offered and reasonably likely to affect the trial court's decision. (Appellant's Reply Br. at 6.)

Mercy's argument that the district court erred in not considering the Rights Agreement is not persuasive because the district court *did* consider the Rights Agreement. The district court evaluated the seven factors set forth in *Humane Soc'y of Broward County, Inc. v. Fla. Humane Soc'y*, 951 So.2d 966, 971 (Fla. Dist. Ct. App. 2007) in determining whether fees and costs should be awarded under the FDUTPA. In considering the second factor, "the ability of the opposing party to satisfy an award of fees," the court first noted that, "it is undisputed that Ms. Colomar lacks the financial resources to personally satisfy the requested fee and cost judgment." (R.8-269 at 4.) The district court observed, however, that a Rights Agreement existed between Colomar and her counsel that appeared to require her counsel to pay any fees and costs awarded under the FDUTPA. After carefully considering the arguments put forward by both Mercy and Colomar regarding the enforceability of the Rights Agreement, the district court concluded that Colomar could "*potentially* satisfy the requested fee and cost judgment through her Counsel,"

3

and thus the factor was neutral and did not favor awarding or denying fees. (*Id.* at 5.) Accordingly, the district court did consider the Rights Agreement, and as a result of considering it, found that a factor that would have weighed in favor of Colomar, absent the Rights Agreement, was instead neutral. Mercy's argument that the district court failed to consider the Rights Agreement is meritless.

Mercy next argues that the district court erred in "requiring that Mercy show that Mrs. Colomar had conducted this lawsuit in 'bad faith' to recover an award of fees" under the FDUTPA. (Appellant's Br. at 1.) The parties disagree on the standard of review. Mercy argues that we review a district court's interpretation of a state law de novo, while Colomar contends that we review an award of attorney's fees for an abuse of discretion. Because Mercy's argument on this issue is not that the district court improperly weighed the factors, but rather that the district court improperly interpreted Florida law, we agree with Mercy that the standard of review is de novo. *See Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007) (de novo review of district court's interpretation of state law).

Florida law permits a court determining whether to award fees under the FDUTPA to consider a party's bad faith (or lack of bad faith). The Florida District Court of Appeals has held that one of the factors a court should consider is "the

4

degree of the opposing party's culpability or bad faith."[1] *Humane Soc'y,* 951 So.2d at 971. Additionally, the court in *Humane Soc'y* clearly stated that a court could consider factors other than those listed. *Id.* ("In exercising its discretion, factors that a trial court might consider include, but are not limited to . . . .") The district court did not err in its interpretation of Florida law when it considered Colomar's lack of bad faith in refusing to award fees under the FDUTPA.

Having considered the only two arguments Mercy makes on appeal, and finding them both to be without merit, we affirm the district court's denial of Mercy's motion for fees and costs under the FDUTPA.

AFFIRMED.

---

[1]We reject Mercy's argument that "the *Humane Society* factor that references the opposing party's 'degree of . . . culpability or bad faith,' . . . must refer to the party's 'bad faith' conduct that *precipitated* the FDUTPA claim, *e.g.*, evidence that the defendant violated FDUTPA in 'bad faith.'" (Appellant's Br. at 27-28.)