DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMANZIMTOTI PROPERTIES, LLC.,**
Appellant,

v.

**OCWEN LOAN SERVICING, LLC., ABRASH ARONBAYEV, POINTE WEST CENTRAL VILLAGE TOWNHOUSE ASSOCIATION, INC., POINTE WEST MASTER PROPERTY OWNERS ASSOCIATION, UNKNOWN TENANT #1** and **UNKNOWN TENANT #2,**
Appellees.

No. 4D15-2466

[ June 22, 2016 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia Cox, Judge; L.T. Case No. 312013CA000671.

C. Douglas Vitunac and Steven L. Henderson of Collins, Brown, Barkett, Garavaglia & Lawn, Chartered, Vero Beach, for appellant.

Jeremy W. Harris and David F. Knobel of Morris, Laing, Evans, Brock & Kennedy, Chtd., West Palm Beach, for Appellee Ocwen Loan Servicing, LLC.

PER CURIAM.

We affirm the final judgment of foreclosure, except to the extent it awarded attorney's fees. On the fee issue, we reverse and remand for an evidentiary hearing.[1]

After the foreclosure trial was held before a magistrate, the trial court entered a foreclosure judgment, including an award of attorney's fees, without further hearing. As to the award of attorney's fees, the court found: "Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable." On appeal, appellant argues that there was no evidence in support of the reasonableness of the award of attorney's fees.

---

[1] Without further comment, we affirm as to all other issues raised in this appeal.

"Reasonable attorney's fees generally are not liquidated damages and require a hearing. Absent an evidentiary hearing, the fee award will be reversed for a hearing unless there is an indication that the right to a hearing was waived." *Petrovsky v. HSBC Bank, USA*, 185 So. 3d 700, 701 (Fla. 4th DCA 2016) (citation and internal quotation marks omitted). "An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved." *Tutor Time Merger Corp. v. MeCabe*, 763 So. 2d 505, 506 (Fla. 4th DCA 2000). The requirement of demonstrating the reasonableness of attorney's fees applies to awards of flat fees as well. *Raza v. Deutsche Bank Nat'l Trust Co.*, 100 So. 3d 121, 125–26 (Fla. 2d DCA 2012).

Here, the issue of attorney's fees was never addressed at the foreclosure trial, the trial court never held an evidentiary hearing on fees, and there is nothing in the record to indicate that appellant waived the right to an evidentiary hearing. Accordingly, we reverse and remand for an evidentiary hearing on fees.

*Affirmed in part, Reversed in part, and Remanded.*

TAYLOR, MAY, JJ., and KEYSER, JANIS BRUSTARES, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***