[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11168

Non-Argument Calendar

_____

WARREN TECHNOLOGY, INC.,

Plaintiff-Appellant,

versus

UL LLC,

Defendant,

TUTCO, LLC,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-21019-UU

———————————

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Warren Technology, Inc. and Tutco LLC are competitors in the unitary heater manufacturing market. Both were previously sued, along with UL LLC, a safety-standards organization, in a consumer class action. In that class action, consumers alleged that the companies had engaged in deceptive trade practices by falsely claiming that their heaters complied with UL standard 1995, which applies to heaters. The district court held that the plaintiffs had failed to state a claim and dismissed the class action. *See Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1195 (S.D. Fla. 2017). In particular, the *Koski* court held that the consumers had failed to allege facts demonstrating that Warren and Tutco had made false representations giving rise to liability under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501. Instead, the court

concluded, the complaint alleged only that UL had mistakenly certified the heaters as compliant.  *Koski*, 347 F. Supp. 3d at 1195.

Following *Koski*, Warren sued Tutco under the Lanham Act, 15 U.S.C. § 1125(a), and the FDUTPA.  Warren alleged that Tutco had misrepresented that its heaters complied with UL standard 1995 and that Tutco's misrepresentations caused Warren damage in the form of lost profits.  The district court dismissed Warren's claims with prejudice.  After the court dismissed the case, Warren circulated a letter to members of the heater industry claiming that heaters like Tutco's were unsafe.

Warren appealed the district court's dismissal of its action against Tutco, and we affirmed.  *See Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1329 (11th Cir. 2020).  After prevailing on appeal, Tutco moved to transfer consideration of attorneys' fees to the district court, and we granted Tutco's motion.  The district court referred the matter to a magistrate judge, who recommended that the district court award Tutco its attorneys' fees.  Although the district court did not adopt the magistrate judge's report in its entirety, it did adopt the attorneys' fees award.  Warren appeals the district court's fee-award order.

To resolve this case, we must answer two questions: first, whether the district court abused its discretion in holding that this was an "exceptional case" for the purposes of awarding attorneys' fees under the Lanham Act; and second, whether the district court

abused its discretion in awarding attorneys' fees under the FDUTPA.[1]

## I

We start with the Lanham Act question.  The Lanham Act states that in a suit based on 15 U.S.C. § 1125(a), "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  We have held that an exceptional case is "simply one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).  But "[a] case will not qualify as exceptional under the Lanham Act merely

---

[1] We review a district court's decision to award attorneys' fees for abuse of discretion. *Tobinick v. Novella*, 884 F.3d 1110, 1116 (11th Cir. 2018).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Id.* at 1116 (quoting *United States v. Toll*, 804 F.3d 1344, 1353 (11th Cir. 2015)); *see United States v. Perry*, ___ F.4th ___, 2021 WL 4448600, at *5 (11th Cir. Sept. 29, 2021) ("abuse of discretion . . . means we will not reverse unless the ruling is 'manifestly erroneous'" (citation omitted)).

because one side has zealously pursued or defended its claim, especially on an issue with no directly controlling precedent." *Id.* at 1119. Ultimately, whether a case is exceptional is "[b]ased on the totality of the record." *Id.* at 1118 (alteration in original).

In *Tobinick*, we held that a district court did not abuse its discretion when it "identified a number of elements of th[e] case that made it 'not run-of-the-mill.'" *Id.* at 1119 (quoting *Octane Fitness*, 572 U.S. at 554). Although we placed little weight "on the fact that [the plaintiff] continued litigating his case even in the face of a number of adverse rulings" because the issue there was novel, we concluded that the district court "was well within its discretion to find [the plaintiff's] manner of litigating his suit made it an exceptional case supporting an attorneys' fees award under the Lanham Act." *Id.* at 1119.

Here, the district court relied on several facts in concluding that the case was exceptional. First, the court noted that Warren's case had many weaknesses. Second, like the district court in *Tobinick*, the court here focused on the manner in which Warren litigated the case. In particular, the district court observed that Warren engaged in "sharp litigation tactics" and that the letter circulated by Warren, taken together with the other facts, made this "an exceptional case that stands out from the others." Although the district court held that there was insufficient evidence to show that Warren brought the case in bad faith or for an improper purpose, it held that the totality of the circumstances made the case exceptional.

Warren argues that the district court erred in finding that its case had weaknesses because there was no binding circuit precedent foreclosing its Lanham Act claim. The district court did not abuse its discretion on this score. Although Warren is correct that no binding Eleventh Circuit precedent controlled the disposition of its claims, the theory underlying Warren's Lanham Act claim had been previously undermined in a related case, *Koski*.

As already explained, in *Koski*, consumers had claimed that Warren and Tutco made misrepresentations by displaying the UL 1995 standard even though their heaters weren't compliant. Here, Warren sued Tutco for the very same reason. But in both cases, the reviewing courts concluded that it was UL, not the companies themselves, that certified the heaters; accordingly, the courts in both cases dismissed the claims for the same reason. Warren asserts that the court in *Koski* never held that the consumers had no claim. But the *Koski* court did hold that the complaints failed because they didn't allege that the manufacturer defendants—including Tutco—were "responsible for any misrepresentations in the certification labels." *Koski*, 347 F. Supp. 3d at 1195. Just like the consumers' complaint in *Koski*, Warren's complaint here alleges that UL certified Tutco's heaters. So, just as in *Koski*, there is no allegation that Tutco made any misrepresentation when it

displayed the UL standard.[2] Accordingly, Warren's claim failed for exactly the same reason that the claim in *Koski* failed.

Furthermore, the district court relied on other weaknesses pointed out by the magistrate judge. The magistrate judge observed that "Warren was unsuccessful on essentially every substantive motion that was filed in the case" and that Warren continued to litigate even after the district court "expressed doubt about whether Warren would be able to amend its pleadings to state a claim."

Nor did the district court err, as Warren asserts, in relying on the letter circulated by Warren to the heater industry. The court recognized that, by itself, the letter was insufficient to render the case exceptional. But the court didn't consider the letter in isolation. The letter was probative of Warren's litigation strategy, and the district court considered it—as was appropriate—among the totality of the circumstances. *See Octane Fitness*, 572 U.S. at 554.

Because the district court applied the correct legal standard, and did so in a reasonable way, we hold that it did not abuse its discretion.[3]

---

[2] In Warren's first appeal, we observed that the required allegations under the Lanham Act and the FDUTPA are similar and held that "[b]ecause all of Warren's claims against . . . Tutco are based upon the same allegation of falsity, they fail for want of a misrepresentation or a deceptive act." *Warren Tech.*, 962 F.3d at 1327–29.

[3] The district court's decision here is consistent with our unpublished decisions. In *Domond v. PeopleNetwork APS*, we held that the district court

8                        Opinion of the Court                        21-11168

## II

The district court also awarded Tutco attorneys' fees under the FDUTPA.  The FDUTPA states that "[i]n any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."  Fla Stat. § 501.2105(1).  Tutco was the prevailing party here.

Once the district court determines that a party is a prevailing party under FDUTPA, it has discretion to award attorneys' fees after considering various equitable factors, including:

(1) the scope and history of the litigation;

---

didn't abuse its discretion in finding a case exceptional when the plaintiffs' claim was baseless and they threatened to keep litigating unless they were paid off.  750 F. App'x 844, 848 (11th Cir. 2018); *see also Off Lease Only, Inc. v. Lakeland Motors, LLC*, 846 F. App'x 772, 775 (11th Cir. 2021) (holding that the district court did not abuse its discretion in finding a case exceptional where the plaintiff didn't respond to the defendant's motion for attorneys' fees, the plaintiff failed to heed repeated warning about the shortcomings of its claim, the plaintiff's claim was weak, and the plaintiff failed to provide supporting evidence at summary judgment).

(2) the ability of the opposing party to satisfy an award of fees;

(3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;

(5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;

(6) whether the defense raised a defense mainly to frustrate or stall;

(7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971–72 (Fla. Dist. Ct. App. 2007) (citing *Rosen v. Rosen*, 696 So.2d 697, 700–01 (Fla. 1997)).

After considering each of the factors listed in *Humane Society*, the district court agreed with all but one of the magistrate judge's findings. The magistrate judge had earlier found that "essentially every factor favors a fee award to Tutco, or is neutral" and, accordingly, that "it would be equitable to the parties for the Court to exercise its discretion to award Tutco its attorneys' fees under FDUTPA."

Echoing her Lanham Act analysis, the magistrate judge concluded that the scope and history of the litigation favored awarding Tutco fees due to Warren's lack of litigation success and the weakness of its case. She determined that ability to pay only slightly favored Tutco given its failure to present convincing evidence of Warren's financial viability. She found that the deterrence factor was neutral. And she concluded that there was evidence of bad faith and that Warren's was groundless. She skipped the sixth factor as irrelevant and held that the seventh factor favored Tutco because the case didn't resolve a significant legal question under FDUTPA law.

Reviewing the magistrate judge's recommendation, the district court held that although there was insufficient evidence to find the fourth factor, bad faith, the other factors weighed in favor of awarding Tutco attorneys' fees.

Warren now asserts that the factors on which the district court relied are neutral at worst and, in fact, cut in its favor. Warren argues that it didn't litigate unreasonably, that Tutco presented no evidence that Warren could pay fees, that it's claims weren't groundless, and that the case resolved a significant FDUTPA legal question.

Even granting that Warren's characterization of the factors may not be unreasonable, the district court had discretion in balancing the factors, *Humane Soc. of Broward Cnty.*, 951 So. 2d at 971, and we do not find that the court applied the factors in an unreasonable manner when it found that several of them favored awarding Tutco attorneys' fees. Because the district court considered the *Humane Society* factors, and applied them reasonably, we hold that it did not abuse its discretion. *See In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994) ("As we have stated previously, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."(quotation omitted)).

★  ★  ★

The district court did not abuse its discretion in awarding Tutco attorneys' fees under the Lanham Act and the FDUTPA. Accordingly, we **AFFIRM**.