DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SANDRA FORTE,**
Appellant,

v.

**ALL COUNTY TOWING INC.,**
Appellee.

No. 4D21-1379

[March 23, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Nina W. Di Pietro, Judge; L.T. Case No. COCE20-021603.

Eduardo A. Maura of Ayala Law, P.A., Miami, for appellant.

No appearance for appellee.

FORST, J.

Appellant Sandra Forte appeals an order granting attorney's fees as to both entitlement and amount in favor of Appellee All County Towing Inc. ("Towing Company"). Appellant contends the trial court erred in: (1) failing to hold an evidentiary hearing prior to awarding an attorney's fees amount; (2) concluding that Towing Company was entitled to attorney's fees under section 501.2105(1), Florida Statutes (2020) (part of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA")), solely on account of its status as the prevailing party; and (3) conducting a limited analysis of the factors in *Humane Society of Broward County, Inc. v. Florida Humane Society*, 951 So. 2d 966 (Fla. 4th DCA 2007), based on such conclusion.

We agree that the trial court erred in failing to hold an evidentiary hearing, and therefore reverse and remand for an evidentiary hearing concerning a proper fee amount, as discussed below. We further agree that the trial court erred in concluding Towing Company was automatically entitled to attorney's fees under section 501.2105(1) solely on account of its status as the prevailing party. However, because the trial court ultimately considered the *Humane Society* factors when granting entitlement, and because competent, substantial evidence supports the

trial court's determination, we affirm Towing Company's entitlement to attorney's fees.[1]

## Background

Appellant brought suit against Towing Company, alleging that it wrongfully towed Appellant's vehicle from her apartment complex's parking lot for parking in a disabled parking space without a placard.[2] Due to the parking spot's purportedly improper marking, and because of Towing Company's actions in towing her vehicle despite "seeing that the spot was not marked as [disabled]," Appellant alleged that Towing Company violated sections 501.204 and 715.07, Florida Statutes (2020).[3] The case proceeded to a non-jury trial thereafter, resulting in a final judgment in Towing Company's favor.

As the prevailing party, Towing Company filed a motion to tax attorney's fees against Appellant. In the motion, Towing Company acknowledged the discretionary nature of a FDUTPA attorney's fees award under section 501.2105(1), Florida Statutes (2020). Nonetheless, Towing Company claimed that it was automatically entitled to attorney's fees as the prevailing party, based upon language from the Florida Supreme Court's decision in *Diamond Aircraft Industries, Inc. v. Horowitch*, 107 So. 3d 362 (Fla. 2013).

Towing Company also attached a sworn affidavit of time and fees to its motion to tax attorney's fees. In total, Towing Company claimed $12,887.00 in attorney's fees, consisting of 23.4 billable hours attributable to its attorney (at a stated rate of $550.00 per hour), and 0.2 billable hours attributable to its attorney's paralegal (at a stated rate of $85.00 per hour).

Appellant opposed Towing Company's motion and affidavit. With respect to the motion, Appellant argued that an award of FDUTPA

---

[1] We affirm without discussion Appellant's argument that the trial court improperly considered Appellant's settlement with another party in determining fee entitlement.

[2] Appellant also filed suit against the owner of her apartment complex. However, reference to the action against the apartment complex is not pertinent to our decision and has therefore been omitted.

[3] Section 501.204 is part of FDUTPA and prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." § 501.204(1), Fla. Stat. (2020). Section 715.07, in turn, covers parking on private property and towing, prohibiting a person from "improperly caus[ing] a vehicle or vessel to be removed . . . ." § 715.07(4), Fla. Stat. (2020).

attorney's fees under section 501.2105(1) is discretionary and *not* mandatory. Moreover, Appellant asserted that the trial court was *required* to consider the factors outlined in *Humane Society of Broward County, Inc. v. Florida Humane Society*, 951 So. 2d 966 (Fla. 4th DCA 2007), prior to any award of FDUTPA attorney's fees—factors which she contended weighed in her favor. As to Towing Company's sworn affidavit, Appellant argued that the affidavit contained seven hours that were "not recoverable pursuant to the [FDUTPA] statute."

The trial court held a hearing on Towing Company's motion, wherein the parties largely repeated their earlier positions. However, Towing Company added that the trial court was not required to consider the *Humane Society* factors post-*Diamond Aircraft*. In any event, Towing Company discussed several of the *Humane Society* factors, arguing the factors actually weighed in *its favor*. Appellant, on the other hand, added that she would be "happy" to attend an evidentiary hearing to show her inability to pay "a judgment that awards [Towing Company's attorney] $500 an hour, $13,000 in total."

After hearing argument from both parties, the trial court was concerned that *Diamond Aircraft*—which came several years after *Humane Society*— did not "even deal with [the *Humane Society*] factors." Thus, the trial court provided Appellant the opportunity to file a supplemental memorandum addressing *Humane Society*'s continued viability in light of the supreme court's *Diamond Aircraft* decision.

In response, Appellant filed a supplemental memorandum contending that: (1) *Diamond Aircraft* did not reference *Humane Society* a single time and therefore did not overrule it; (2) even the party moving for attorney's fees in *Diamond Aircraft* argued for application of the *Humane Society* factors upon remand from the supreme court; (3) *Diamond Aircraft* did not alter the discretionary nature of a FDUTPA attorney's fees award under section 501.2105(1); and (4) several federal cases (and one Florida appellate case) cited to or applied *Humane Society* after *Diamond Aircraft*. Further, Appellant again argued the *Humane Society* factors, requesting "an evidentiary hearing to determine whether [she could] satisfy an award of fees" in the event the trial court did not deny the motion.

Ultimately, the trial court granted Towing Company's motion, clearly disagreeing with Appellant concerning the supposedly mandatory nature of the *Humane Society* factors. The court found that "[t]he Supreme Court of Florida in *Diamond Aircraft* did not direct that a trial court complete an additional analysis when deciding whether to exercise discretion and award attorney's fees to the prevailing party of a FDUTPA claim," and that,

under *Diamond Aircraft,* Towing Company was automatically entitled to FDUTPA attorney's fees on account of its status as the prevailing party.

In "the abundance of caution," the trial court also considered the *Humane Society* factors, finding that they weighed in Towing Company's favor and that Towing Company was therefore entitled to an award of attorney's fees. But in addition to awarding fee entitlement, the trial court—referencing its review of Towing Company's affidavit and Appellant's objections raised in opposition—awarded "20.7 hours of attorney time at the rate of $550.00 per hour and 0.2 hours of paralegal time at the rate of $85.00 per hour, for a total award of $11,555.00," without holding an evidentiary hearing. Appellant timely appealed thereafter.

## Analysis

"The standard of review of a trial court's ruling on the issue of entitlement to prevailing party attorney's fees is abuse of discretion." *Skylink Jets, Inc. v. Klukan,* 308 So. 3d 1048, 1051 (Fla. 4th DCA 2020). An award of attorney's fees will be upheld on appeal so long as it is supported by competent, substantial evidence. *Freiman v. Nat'l City Mortg. Co.,* 183 So. 3d 1111, 1112 (Fla. 4th DCA 2015).

### A. The Trial Court Erred in Failing to Hold an Evidentiary Hearing

"An award of attorney's fees must . . . contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved." *Amanzimtoti Props., LLC v. OCWEN Loan Servicing, LLC,* 204 So. 3d 468, 468 (Fla. 4th DCA 2016) (quoting *Tutor Time Merger Corp. v. MeCabe,* 763 So. 2d 505, 506 (Fla. 4th DCA 2000)). "'Reasonable attorney's fees' generally are not liquidated damages and require a hearing. Absent an evidentiary hearing, the fee award will be reversed for a hearing unless there is an indication that the right to a hearing was waived." *Petrovsky v. HSBC Bank, USA,* 185 So. 3d 700, 701 (Fla. 4th DCA 2016) (quoting *Zumpf v. Countrywide Home Loans, Inc.,* 43 So. 3d 764, 766 (Fla. 2d DCA 2010)). Moreover, when there is an objection to an attorney's fee award, "a trial court cannot rely on affidavits . . . to assess attorney's fees, since they are hearsay." *Roggemann v. Bos. Safe Deposit & Tr. Co.,* 670 So. 2d 1073, 1075 (Fla. 4th DCA 1996).

Here, the trial court awarded 20.7 hours of attorney time and 0.2 hours of paralegal time, totaling $11,555.00 in attorney's fees. Before doing so, the trial court failed to hold an evidentiary hearing. Thus, although the trial court awarded less time than Towing Company requested, because

4

Appellant did not waive the right to an evidentiary hearing, and because Appellant in fact objected to seven of Towing Company's requested billable hours, the trial court reversibly erred in failing to hold an evidentiary hearing prior to awarding a specific attorney's fees amount. *See Petrovsky*, 185 So. 3d at 701; *Roggemann*, 670 So. 2d at 1075.

However, we note that while Appellant did request an evidentiary hearing pertaining to her ability to pay an attorney's fees amount, Appellant did *not* challenge the reasonableness of Towing Company's requested hourly rate. Consequently, on remand, Appellant is limited to challenging the number of hours reasonably expended when determining the fee amount.

### B. The Trial Court Misinterpreted Diamond Aircraft

Section 501.2105(1), Florida Statutes (2020), provides that: "[i]n any civil litigation resulting from an act or practice involving a violation of [FDUTPA], . . . the prevailing party . . . *may* receive his or her reasonable attorney's fees and costs from the nonprevailing party. § 501.2105(1), Fla. Stat. (2020) (emphasis added). However, prior to a 1994 amendment, section 501.2105(1) previously provided that: "[i]n any civil litigation resulting from an act or practice involving a violation of [FDUTPA], . . . the prevailing party . . . *shall* receive his reasonable attorney's fees and costs from the nonprevailing party." Ch. 94-298, § 4, Laws of Fla. (emphasis added). Thus, the 1994 amendment removed the mandatory character of FDUTPA attorney's fees, vesting the trial court with discretion to impose such an award.

In *Humane Society*, this Court discussed section 501.2105(1) and its 1994 amendment in detail. Noting that the 1994 amendment "placed an award of prevailing party attorney's fees within the discretion of the trial court," the Court interpreted the amendment "as a legislative recognition that mandatory fee awards had a chilling effect on consumer plaintiffs bringing suit under FDUTPA." *Humane Soc'y*, 951 So. 2d at 971. Accordingly, after discussing the purpose behind the 1994 amendment, the Court listed seven factors that a trial court might consider when exercising its discretion in awarding FDUTPA attorney's fees. *Id.* at 971–72.

Subsequently, in *Diamond Aircraft*, the Florida Supreme Court considered four certified questions—only one of which is relevant for purposes of our decision. *Diamond Aircraft*, 107 So. 3d at 364–65. Specifically, the court examined whether section 501.2105 "entitle[s] a prevailing defendant to an attorney's fee award in a case in which a

plaintiff brings [a FDUTPA claim], *but the district court decides that the substantive law of a different state governs the unfair trade practices claim,* and the defendant ultimately prevails on that claim." *Id.* at 366–67 (emphasis added). The court answered the question in the affirmative, holding that the defendant was "entitled to attorney's fees under section 501.2105(1) because [the plaintiff] . . . filed an action against [the defendant] under FDUTPA and ultimately was the nonprevailing party." *Id.* at 369 (emphasis omitted).

We do not construe *Diamond Aircraft* as holding that a party was entitled to attorney's fees merely because it prevailed in a FDUTPA action, nor as overruling *Humane Society.* In fact, in *Diamond Aircraft,* the trial court found that the defendant was "*not entitled* to attorney's fees under FDUTPA because Arizona law and not FDUTPA applied to the deceptive trade practices claim advanced by [the plaintiff]." *Id.* at 366 (emphasis added). In addressing the certified question thereafter, the Florida Supreme Court was simply tasked with analyzing the defendant's entitlement to FDUTPA attorney's fees based on the specific factual scenario before it. Additionally, we find it notable that *Diamond Aircraft* itself acknowledged that a "prevailing party in a FDUTPA action *may* recover costs and attorney's fees from the nonprevailing party." *Id.* at 367 (emphasis added). To interpret *Diamond Aircraft* otherwise—as providing mandatory FDUTPA attorney's fees—would abrogate section 501.2105(1)'s plain language.

Case law, both State and federal, supports our determination that *Diamond Aircraft* did not alter the discretionary nature of FDUTPA attorney's fees or overrule *Humane Society.* In *Coral Gables Imports, Inc. v. Suarez,* 306 So. 3d 348 (Fla. 3d DCA 2020), the Third District noted the discretion inherent in a FDUTPA attorney's fees award, citing to *Humane Society* in support. *Id.* at 349 n.3. Moreover, in *Chow v. Chak Yam Chau,* 640 F. App'x 834 (11th Cir. 2015), the Eleventh Circuit Court of Appeals cited to both *Diamond Aircraft* <u>and</u> *Humane Society. Id.* at 837–39. In doing so, the court acknowledged that section 501.2105(1) attorney's fees are discretionary, stating that "[o]nce a trial court has determined that a party is a prevailing party under FDUTPA, it then has discretion to award attorney's fees and costs after considering various equitable factors, including" the seven *Humane Society* factors, among others. *Id.* at 838–39. Consequently, we hold the trial court erred in interpreting *Diamond Aircraft* contrary to section 501.2105(1)'s plain language, and that *Humane Society* remains good law.

*C. Fee Entitlement Was Supported by Competent, Substantial Evidence*

6

Having determined *Humane Society* is still good law, we next examine the trial court's analysis of the *Humane Society* factors.

> In exercising its discretion [to award FDUTPA attorney's fees], factors that a trial court *might* consider include, but are not limited to:
>
> (1) the scope and history of the litigation;
> (2) the ability of the opposing party to satisfy an award of fees;
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
> (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;
> (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
> (6) whether the defense raised a defense mainly to frustrate or stall; [and]
> (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Humane Soc'y*, 951 So. 2d at 971–72 (emphasis added).

In the instant case, the trial court found that, although Appellant was in no position to satisfy an attorney's fees award, the remainder of the *Humane Society* factors weighed in Towing Company's favor. Because the trial court explicitly stated that it had considered the *Humane Society* factors, making reasonable findings connected to several of the factors, it cannot be said that the trial court abused its discretion in finding Towing Company entitled to a FDUTPA attorney's fees award. Nor can it be said that no competent substantial evidence supports the trial court's determination. This is especially the case considering the *Humane Society* factors are merely a non-exclusive list of factors that a trial court *might* consider. *Humane Soc'y*, 951 So. 2d at 971. We therefore affirm Towing Company's entitlement to attorney's fees.

## Conclusion

The trial court erred in failing to hold an evidentiary hearing despite Appellant never waiving her right to such a hearing and specifically objecting to Towing Company's claimed number of hours. We therefore reverse and remand for an evidentiary hearing concerning the number of hours reasonably expended by Towing Company's attorney. However, as

7

to fee entitlement, because the trial court ultimately considered several *Humane Society* factors, and because competent, substantial evidence supports the trial court's determination, we affirm Towing Company's entitlement to attorney's fees. We note that, upon the conclusion of the evidentiary hearing below, the trial court is not precluded from ultimately assessing the same fee amount.

*Affirmed in part, reversed in part, and remanded with directions.*

CONNER, C.J., and KUNTZ, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***