[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15994
_____

D.C. Docket No. 1:09-cv-21893-WMH

MICHAEL CHOW,
a.k.a. "Mr. Chow",
MR. CHOW ENTERPRISES, LTD,
a California limited partnership,
MC MIAMI ENTERPRISES, LLC,
a Florida limited liability company,
MC TRIBECA, LLC,
a New York limited liability,
TC VENTURES, INC.,
a New York corporation,

Plaintiffs - Counter
Defendants - Appellants
Cross Appellees,

EVA CHOW, et al.,

Counter Defendants,

versus

CHAK YAM CHAU,
STRATIS MORFOGEN,
PHILIPPE MIAMI, LLC,
a Florida limited liability company,

PHILIPPE WEST COAST, LLC,
COSTIN DUMITRESCU,
MANNY HAILEY,
DAVID LEE,
DAVÉ 60 NYC, INC.,

Defendants - Counter
Claimants - Appellees
Cross Appellants,

PHILIPPE RESTAURANT CORP.,

Defendant - Counter
Claimant - Appellee,

PHILIPPE EXPRESS, LLC, et al.,

Defendants - Counter Claimants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(January 10, 2014)

Before CARNES, Chief Judge, WILSON, Circuit Judge, and CORRIGAN,[*]
District Judge.

PER CURIAM:

Michael Chow is a chef who credits himself with introducing "high-end

Chinese cuisine in a fine dining setting to the west" through the "Mr Chow"

restaurants he opened across the country, first in Beverly Hills, California in 1974,

_____

[*]Honorable Timothy J. Corrigan, United States District Judge for the Middle District of
Florida, sitting by designation.

2

then on 57th Street in New York City in 1979, next in the Tribeca neighborhood of New York City in 2006, and most recently in Miami Beach, Florida in 2009.[1] These restaurants serve a number of "signature dishes," have distinctive décor and feature a performance of sorts, referred to as the "noodle show," where a member of the staff makes fresh noodles by hand for the patrons.

Philippe Chow Chau, born Chak Yam Chau, worked in the kitchen of the Mr Chow restaurant on 57th Street for twenty-five years before leaving to start his own restaurant. He partnered with Stratis Morfogen to open a restaurant in December 2005 called "Philippe by Philippe Chow" on 60th Street in New York City, a few blocks from the Mr Chow on 57th Street. Philippe Chau and Morfogen later opened additional restaurants, including in Miami Beach and Beverly Hills.[2] The menu at the Philippe restaurants is very similar to the menu at the Mr Chow restaurants, as are the décor and presentation of the restaurants, including the "noodle show."

Michael Chow was suspicious of Philippe Chau and the Philippe Restaurants before the very first Philippe restaurant opened. The maître d' of the Mr Chow

---

[1] Each restaurant is operated by a separate corporation, each of which was a plaintiff in this case. However, each restaurant is called "Mr Chow" (with no period). We will refer to the restaurants as "Mr Chow" restaurants, to the appellants-cross appellees collectively as "Mr. Chow" (with a period), and, when necessary, to Michael Chow individually as "Michael Chow."

[2] Like the Mr Chow restaurants, each "Philippe by Philippe Chow" restaurant is operated by a separate corporation, each of which was a defendant. We will refer to the restaurants as "Philippe" restaurants, the appellees-cross appellants collectively as "the Philippe Restaurants," and, when necessary, to Philippe Chow Chau individually as "Philippe Chau."

restaurant on 57th Street actually had toured the Philippe restaurant on 60th Street before it opened and sent Michael Chow a copy of the menu.  Michael Chow was certain that Philippe Chau had stolen his recipes and business plan in order to set up a carbon copy of Mr Chow only a few blocks away.

Michael Chow and the various corporate entities that operate the Mr Chow restaurants filed their initial complaint on July 8, 2009, naming as defendants Philippe Chau, Stratis Morfogen, the various corporations that operate the Philippe restaurants, and certain other individuals associated with the Philippe restaurants.  Mr. Chow alleged trademark, trade name, and trade dress infringement, false advertising, misappropriation of trade secrets, and unfair competition under federal, state, and common law.  The Philippe Restaurants later filed counterclaims for defamation and to have Mr. Chow's trademark deregistered.

The case progressed toward trial.  A few days before trial, the district court ruled on a number of pretrial motions, including the Philippe Restaurants' motion for summary judgment on Mr. Chow's statutory unfair competition claims under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-213, and California Business and Professions Code §§ 17200-17210.  The district court granted summary judgment in favor of the Philippe Restaurants to the extent the claims relied upon alleged illegal compensation practices by the Philippe

4

Restaurants, finding that Mr. Chow had not demonstrated any damages from these alleged practices.

Trial began on January 23, 2012 and spanned five weeks in January and February 2012.  On February 15, 2012, prior to submitting the case to the jury, the district court orally ruled on the parties' motions for judgment as a matter of law, including a motion by the Philippe Restaurants as to Mr. Chow's trade secrets misappropriation claim.  The district court granted that motion on the basis that the claim was barred by the applicable statute of limitations.

Later on February 15, the district court instructed the jury; the following day, the jury heard closing arguments and began its deliberations.  The verdict form began by asking the jury to find for either all the plaintiffs or all the defendants on each of Mr. Chow's remaining claims.  Then, if the jury found for Mr. Chow on any claim, the jury would separately determine for each plaintiff an amount of damages, if any, and which defendant or defendants were responsible for those damages.  The form then asked the jury whether punitive damages were warranted against the Philippe Restaurants, before moving to the Philippe Restaurants' remaining counterclaims for defamation and for deregistration of the "Mr. Chow" trademark.

On February 23, 2012, the jury returned its verdict.  The jury found in favor of Mr. Chow only on its claims for false advertising and unfair competition by

5

deceptive conduct and in favor of the Philippe Restaurants on all of Mr. Chow's other claims. The jury found that defendant Davé 60 NYC, Inc. (operator of the Philippe restaurant on 60th Street) caused $520,541.00 in damages to plaintiff TC Ventures, Inc. (operator of the Mr Chow restaurant on 57th Street) and that Stratis Morfogen caused $500,000.00 in damages to Michael Chow individually. The jury found that none of the other plaintiffs were damaged and did not assess punitive damages against the Philippe Restaurants. Finally, the jury also found in favor of Mr. Chow and against the Philippe Restaurants on their defamation and trademark counterclaims.

Among a number of post-trial motions, the Philippe Restaurants filed a motion for judgment as a matter of law, arguing that the evidence at trial did not support a verdict against Davé 60 NYC, Inc. and Stratis Morfogen on Mr. Chow's false advertising and unfair competition by deceptive conduct claims and that the damages award in favor of Michael Chow on top of the award to TC Ventures, Inc. was duplicative. The district court denied the motion as to Davé 60 NYC, Inc., but set aside the verdict against Stratis Morfogen on the grounds that Michael Chow should not have appeared separately on the verdict form. The district court entered Final Judgment consistent with its Order. This appeal and cross-appeal ensued.

Mr. Chow argues on appeal that the district court erred in granting summary judgment before trial on their statutory unfair competition claims and in then

6

excluding from trial any evidence of the Philippe Restaurant's alleged illegal compensation practices. According to Mr. Chow, the district court also erred in granting judgment against it during trial on its trade secrets claim based on the statute of limitations. Finally, Mr. Chow argues that the district court should not have set aside the verdict against Stratis Morfogen post-trial, but that once it did, the court should have ordered a new trial on the damages caused by Stratis Morfogen, rather than ordering that Mr. Chow take nothing.

For their part, the Philippe Restaurants cross appeal the verdict against Davé 60 NYC, Inc. on Mr. Chow's false advertising and unlawful competition by deceptive conduct claims and the district court's denial of their motion for judgment as a matter of law in favor of Davé 60 NYC, Inc. on those claims.

## I.  STANDARD OF REVIEW

We review de novo rulings on motions for summary judgment and motions for judgment as a matter of law, and, in each instance, apply the same legal standards as the district court. Avenue CLO Fund, Ltd. v. Bank of America, N.A., 723 F.3d 1287, 1293-94 (11th Cir. 2013) (summary judgment); Chaney v. City of Orlando, Fla., 483 F.3d 1221, 1227 (11th Cir. 2007) (judgment as a matter of law).

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is

7

entitled to judgment as a matter of law." Maddox v. Stephens, 727 F.3d 1109, 1118 (11th Cir. 2013); see Fed. R. Civ. P. 56(a) (c).  In determining whether to grant summary judgment, "the evidence and inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party, and all reasonable doubts are resolved in his favor." WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir.1988; Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir.1988).

Judgment as a matter of law may be entered where "'there is no legally sufficient evidentiary basis for a reasonable jury to find' for the non-moving party." Chaney, 483 F.3d at 1227 (quoting Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001)); Fed. R. Civ. P. 50.  Stated another way, "judgment as a matter of law is appropriate only if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." Middlebrooks v. Hillcrest Foods, Inc., 256 F.3d 1241, 1246 (11th Cir. 2001).  "[A renewed motion for judgment as a matter of law] should be decided in the same way it would have been decided prior to the jury's verdict, and . . . the jury's particular findings are not germane to the legal analysis." Chaney, 483 F.3d at 1228.  As with summary judgment, the court views the evidence and draws all inferences in favor of the non-moving party. Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192-93 (11th Cir. 2004).

8

We review the district court's exclusion of evidence from trial for an abuse of discretion. Fidelity Interior Constr., Inc. v. Se. Carpenters Reg'l Council of United Bhd. of Carpenters & Joiners of Am., 675 F.3d 1250, 1258-59 (11th Cir. 2012).

## II.  DISCUSSION

### A.  The Alleged Illegal Compensation Practices

Mr. Chow appeals the district court's grant of summary judgment against it on its statutory unfair competition claims under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-213, and its counterpart California Business and Professions Code §§ 17200-17210.  The district court found that Mr. Chow had not established any connection between its allegations that the Philippe Restaurants illegally paid their staff cash "under the table" and any damage Mr. Chow sustained, particularly to the Florida or California Mr Chow restaurants. Finding no proof of damages from these practices, the district court entered summary judgment on these claims and excluded from trial any evidence of these practices.  The district court also concluded that, in any event, any potential probative value this evidence might have had was weakened by evidence that had been proffered suggesting Mr. Chow had engaged in similar practices.

We agree that summary judgment was proper.  Only speculation connected the alleged illegal compensation practices to Mr. Chow's alleged damages.  This is

9

particularly true for the Mr Chow restaurants in Florida and California, which Mr. Chow conceded at trial sustained little-to-no damage at all. The district court then appropriately exercised its discretion in excluding evidence of these irrelevant practices at trial. We therefore affirm the district court's rulings on this issue.

## B. Mr. Chow's Claim for Misappropriation of Trade Secrets

Mr. Chow also argues that the district court erred in granting judgment as a matter of law on its claim that the Philippe Restaurants misappropriated Mr. Chow's trade secrets, specifically the recipes and techniques used to prepare its "signature dishes." The parties agree that New York law governs these claims, including New York's three-year statute of limitations on misappropriation of trade secrets claims. See N.Y. C.P.L.R. § 214(4). The parties also agree that New York law recognizes a "continuing tort" rule for such claims, articulated as follows by the Southern District of New York in Lemelson v. Carolina Enterprises, Inc.:

> If a defendant misappropriates and discloses a trade secret, he becomes liable to plaintiff upon disclosure. On the other hand, if the defendant keeps the secret confidential, yet makes use of it to his own commercial advantage, each successive use constitutes a new, actionable tort for the purpose of the running of the Statute of Limitations.
>
> . . .
>
> The obverse of the rule also applies. If the defendant publicizes or otherwise discloses the secrets revealed to him, there can be no continuing tort of unlawful use.

541 F. Supp. 645, 659 (S.D.N.Y. 1982) (citations omitted).

10

The district court granted judgment as a matter of law in favor of the Philippe Restaurants on Mr. Chow's trade secrets claim, finding that it was barred by the statute of limitations. The district court later explained that judgment on this claim was appropriate because the evidence demonstrated that the Philippe Restaurants openly served food allegedly based on Mr. Chow's recipes since the first Philippe restaurant opened in December 2005, and actually gave a tour of the restaurant and a copy of the menu to a long-time Mr. Chow employee before the restaurant opened. Then, as the district court noted, Philippe Chau appeared on television shortly after the restaurant opened to prepare selected items from his menu. The district court concluded that the Philippe Restaurants had sufficiently disclosed the alleged trade secrets for the statute of limitations to have started by the end of 2005. The complaint was not filed until July 8, 2009, so the district court found Mr. Chow's trade secrets claims untimely.

Though we review this issue de novo, we reach the same conclusion as the district court. A review of the record confirms the district court's view that the Philippe Restaurants had adequately disclosed Mr. Chow's alleged trade secret recipes and techniques. Moreover, it is unclear under Mr. Chow's reading of the continuing tort rule when, if ever, the statute of limitations would commence on its trade secrets claim, a claim it concedes it knew of more than three years before it

11

filed its complaint.  We conclude that the district court properly granted judgment as a matter of law on this claim.

## C.  The Verdict

Finally, both sides take issue with the final judgment entered.  Mr. Chow contends that the evidence supports an award of damages to Michael Chow individually, and that the district court therefore erred in setting aside the jury's verdict in Michael Chow's favor against Stratis Morfogen.  On cross-appeal, the Philippe Restaurants maintain that no reasonable jury could have found against Davé 60 NYC, Inc. based on the evidence at trial, so the district court erred by not setting aside the jury's verdict against it.

### 1.    The Verdict against Davé 60 NYC, Inc.

We begin with the Philippe Restaurants' challenge to the jury's verdict against Davé 60 NYC, Inc.  There was evidence of false advertising and unfair competition which caused damage to TC Ventures, Inc., the operator of the Mr Chow restaurant on 57th Street, as well as to Michael Chow individually.  For example, Mr. Chow presented evidence of a number of potentially deceptive public statements attributable to Stratis Morfogen and to Davé 60 NYC, Inc. (the corporate operator of the Philippe restaurant on 60th Street, of which Morfogen is an officer), including statements that Philippe Chau was the "mastermind" and "architect" of the menu at the Mr Chow restaurants and that Philippe Chau was a

12

critically-acclaimed chef in his own right. There was also evidence that Morfogen purchased a number of internet search terms, such as "Chow" and "Mr Chow," so that "sponsored links" to the Philippe Restaurants' website would appear in the results of searches using those words on many internet search engines. Finally, through testimony of an expert and Michael Chow, Mr. Chow presented evidence of the lost profits of the restaurant on 57th Street and the damage to the value of Michael Chow's stake in the restaurant.

A reasonable jury could conclude that, taken together, the public statements and the sponsored links were misleading and had the capacity to deceive consumers.[3] Despite the Philippe Restaurants' argument to the contrary, for which they cite no authority, Mr. Chow need not have prevailed on its trademark infringement claims to succeed on its other claims under the Lanham Act. See Freedom Sav. & Loan Ass'n v. Way, 757 F.2d 1176, 1186 (11th Cir. 1985) ("Failure on the infringement claim would not automatically bar an unfair competition claim [under 15 U.S.C. § 1125]."); Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co., 514 F.2d 665, 671 (5th Cir. 1975) ("Unfair competition, however, is a more broadly conceived tort than its frequent litigation partner, trademark infringement, and there are some instances where a defendant is guilty

---

[3] The parties do not address, and we also decline to address under the facts of this case, whether the purchase of sponsored links is a "use in commerce" for purposes of 15 U.S.C. § 1125(a).

13

of competing unfairly without having technically infringed."); also Babbit Elecs., Inc. v. Dynascan Corp., 38 F.3d 1161, 1181 (11th Cir. 1991) ("Section 1125(a) is broader than Section 1114 in that it covers false advertising or description whether or not it involves trademark infringement.").  Though the evidence of damage from these acts is not overwhelming, viewing the evidence in the light most favorable to the jury's verdict, we cannot say that there was no legally sufficient basis for a reasonable jury to conclude that these acts were at least partially responsible for Mr. Chow's drop in sales and the reduction in the value of the restaurant.  We therefore affirm the district court's denial of Davé 60 NYC, Inc.'s motion for judgment as a matter of law.

## 2.    The Verdict in Favor of Michael Chow Individually

We reverse, however, the district court's decision to set aside the verdict for Michael Chow individually.  Initially, neither side wanted Michael Chow on the verdict form.  In their initial proposed verdict form, the Philippe Restaurants lump all the plaintiffs together and proposed to ask the jury to decide liability and determine damages, if any, on each of Mr. Chow's claims and to then fill in a blank identifying which defendant or defendants were responsible.  Mr. Chow's original proposed verdict form was closer to the form ultimately given to the jury and started out by asking about liability on each of Mr. Chow's claims, then moving to damages for each restaurant, with a list of the defendants potentially

14

responsible below.  Their proposal did not include a line for Michael Chow individually.

After negotiating among themselves, the parties submitted a joint set of proposed instructions and a proposed verdict form, noting any disagreements that remained.  This joint proposal included, for the first time, a line on the verdict form for Michael Chow individually.  However, it was *the Philippe Restaurants* that requested that he be listed separately; *Mr. Chow* insisted that there was no need to list him because any damages to the restaurants would ultimately pass through them to Michael Chow, their owner.

The district court agreed with the Philippe Restaurants and added Michael Chow to the verdict form, but did not at first include a list of defendants potentially responsible for his damages as it had with each of the Mr Chow restaurants. During its deliberations, the jury sent the court a question asking, "If we award damages for Michael Chow individually, who would be responsible to pay since no one has been indicated on the verdict form[?]"  The district court and the parties agreed to submit a replacement page of the verdict form that did list the defendants underneath Michael Chow's name so that damages could be awarded to Michael Chow.

The jury then returned a verdict finding Davé 60 NYC, Inc. responsible for $520,451.00 in damages to TC Ventures, Inc. and Stratis Morfogen responsible for

15

$500,000 in damages to Michael Chow individually.  The Philippe Restaurants moved for judgment as a matter of law as to both awards, arguing among other things that the award to Michael Chow was duplicative of the award to TC Ventures, Inc.  In its response, Mr. Chow reversed its original position and argued in support of the separate award to Michael Chow.

The district court agreed with the Philippe Restaurants that Michael Chow should not have been on the verdict form.  The focus of trial, in the court's view, was on the damage to the Mr Chow restaurants, not to Michael Chow individually. The court believed that any damages Michael Chow might have sustained were from damages to the restaurants that flowed through to him as their owner.  The jury was instructed that it could award damages to a restaurant for its lost profits or its reduced sale value, but not both.  The district court concluded that the award to Michael Chow was therefore duplicative.  We disagree.

To begin with, the Philippe Restaurants repeatedly invited the purportedly duplicative damages awards, first by insisting that Michael Chow be on the verdict form, and then by agreeing that the verdict form be amended to include a list of defendants potentially responsible for his damages.[4]  These invitations to purported error are grounds enough alone to reinstate the jury's verdict.  Ford ex rel. Estate of

---

[4]  At oral argument, the Philippe Restaurants explained that they pushed for Michael Chow's inclusion on the verdict form because they were certain the jury would not award him damages, which they thought would entitle them to recover their attorney's fees from him.

16

Ford v. Garcia, 289 F.3d 1283, 1293-94 (11th Cir. 2002) (holding that the proponent of the instructions given to the jury invites any error in the proposed instruction, which then "precludes a court from 'invoking the plain error rule'" (quoting United States v. Davis, 443 F.2d 560, 564-65 (5th Cir. 1971))).

Then, consistent with their invitation to the supposed error, the Philippe Restaurants waived any issue with the verdict form by failing to object to it before the jury retired for deliberations, Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999); Landsman Packing Co. v. Cont'l Can Co., 864 F.2d 721, 726 (11th Cir. 1989), or with the consistency of the verdict itself by failing to object before the jury was discharged, see Golub v. J.W. Gant & Assocs., 863 F.2d 1516, 1521 n.4 (11th Cir. 1989) ("[I]n this circuit, all challenges to the consistency of special verdicts must be raised before the jury is excused."). Had the Philippe Restaurants not also invited the error, these instances of waiver would have at least limited the district court's consideration of this issue to a review for plain error. Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights."); Landsman Packing Co., 864 F.2d at 726 (recognizing an exception to the requirement that a party object "where it is necessary to correct a fundamental error or to prevent a miscarriage of justice.")

17

It is not entirely clear whether the district court viewed the inclusion of Michael Chow on the verdict form as a plain error it needed to correct, if the court simply found that the evidence did not support an award of damages in Michael Chow's favor, or both. In any of these events, we conclude that the district court erred in setting aside the jury's verdict.

On its face, the verdict is not clearly duplicative. The jury awarded different amounts to TC Ventures, Inc. ($520,541) and to Michael Chow ($500,000), an indication that the jury intended to award different damages for the different types of loss sustained. The award to TC Ventures, Inc. appears to be based on a calculation of its lost profits, while the award to Michael Chow may reflect an estimate of the lost value of his ownership stake in the restaurants. While awarding lost profits to both plaintiffs or awarding one plaintiff both types of damages might have been duplicative, the awards here are not.

This view would not be inconsistent with the district court's instructions to the jury.[5] The district court's damage instructions directed the jury to decide as to each restaurant-plaintiff whether to award damages for lost profits, reduced sale value, or the ill-gotten profits of the Philippe Restaurants. It was not unreasonable or inconsistent for the jury to conclude that this general damages instruction would

---

[5] We acknowledge that including Michael Chow in both the verdict form and the jury instructions may have been the best way to alleviate the potential for confusion.

apply so that they could choose among those measures of damage as to Michael Chow and choose to award him the lost value of his investment.[6]

Finally, Mr. Chow did present evidence at trial that would support an award of damages against Stratis Morfogen and in favor of Michael Chow. As discussed above, there was evidence of a number of statements attributable to Morfogen that the jury could view as false advertising and deceptive conduct. See Babbit Elecs., Inc., 38 F.3d at 1184 ("[A] corporation officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil.") Though Mr. Chow indeed focused at trial on the damage to the restaurants, Michael Chow did testify (albeit briefly) that the Philippe Restaurants' conduct impacted the sale value of the Mr Chow restaurant on 57th Street. From that evidence, a reasonable jury could have decided to award him some amount for that drop in value.

We recognize that the evidence was not overwhelming, that the jury instructions and verdict form were not perfect, and that the parties did a disservice

---

[6] On the other hand, Mr. Chow's argument that the jury had intended to apportion damages does not hold water. The jury was specifically instructed not to allocate the amount of damages between or among the defendants. Mr. Chow has provided no legal or factual basis to apportion, for instance, lost profits.

to the district court with their changing positions.[7]  But we cannot say that no reasonable jury could have awarded damages in favor of Michael Chow and against Stratis Morfogen based on the evidence at trial.  Moreover, the Philippe Restaurants invited such an award, and we are not inclined to relieve them of it.  Thus, we conclude that the jury's finding in favor of Michael Chow and against Stratis Morfogen in the amount of $500,000 should be reinstated.

## IV.  CONCLUSION

We affirm the district court's grant of summary judgment on Mr. Chow's statutory unfair competition claims and exclusion from trial evidence of the Philippe Restaurant's alleged illegal compensation practices.  We also affirm the district court's grant of judgment as a matter of law on Mr. Chow's claim for trade secret misappropriation based on the statute of limitations.  Further, we affirm the district court's denial of the Philippe Restaurants' post-trial motion for judgment as a matter of law in favor of Davé 60 NYC, Inc.  We reverse, however, the district court's setting aside of the jury's verdict in favor of Michael Chow and against Stratis Morfogen.  We remand to the district court to reinstate the verdict in Michael Chow's favor and for other proceedings consistent with this opinion.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

---

[7] We have considered whether, due to the confusion over the inclusion of Michael Chow on the verdict form, a new trial on damages is required, but have concluded that the correct result is to reinstate the jury's verdict.

20