[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14976
Argument Calendar
_____

D.C. Docket No. 1:18-cv-21019-UU

WARREN TECHNOLOGY, INC.,

Plaintiff – Appellant,

versus

UL LLC,
TUTCO, LLC,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 22, 2020)

Before NEWSOM, TJOFLAT, and GINSBURG,* Circuit Judges.

_____

* Honorable Douglas H. Ginsburg, United States Court of Appeals for the District of Columbia
Circuit, sitting by designation.

GINSBURG, Circuit Judge:

Warren Technology, Inc., a manufacturer of unitary electric (UE) heaters for HVAC systems, brought suit against Tutco, LLC, a competitor, and against UL LLC.  UL is a Nationally Recognized Testing Laboratory (NRTL), accredited by the Occupational Safety and Health Administration to certify products' compliance with safety standards, including the UL 1995 standard for UE heaters.  Warren sought damages and injunctive relief under the Lanham Act for false advertising and contributory false advertising, damages under the common law of unfair competition, and declaratory and injunctive relief under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).

All of Warren's claims are based upon its allegation that, despite UL's having certified Tutco's UE heaters as compliant, Tutco's heaters do not, in fact, comply with the UL 1995 standard.  Warren argues UL misapplied the standard, as a result of which the certification UL issued and Tutco claimed is a misrepresentation within the condemnation of the Lanham Act, the common law of unfair competition, and the FDUTPA.

The district court granted Tutco's and UL's joint motion to dismiss because Warren failed to show UL's interpretation of the UL 1995 standard or Tutco's use

2

of the UL-granted certification mark was an actionable misrepresentation.  For the

reasons below, this Court affirms the judgment of the district court.

## I.    Background

Safety standards for a variety of products from light bulbs to hoisting

machines are developed through industry consensus processes.  Underwriters

Laboratories, Inc., the parent company of UL, is a non-profit corporation that

oversees the process of developing and updating standards – including the UL

1995 standard – by convening a group of innovators, implementers, and other

experts in a Standards Technical Panel (STP).  UL tests products and authorizes

the manufacturer to use its certification mark to indicate a product complies with

the applicable standard.[1]

Warren and Tutco both manufacture UE heaters, certified by UL as

compliant with UL 1995, for installation in HVAC systems made by Carrier

Corporation.  Under UL 1995, UE heaters must contain an automatically-resetting

temperature (ART) control, a safety device that cuts off electricity to the UE

heating element if it reaches a dangerously high temperature, as it would if airflow

is restricted (e.g., by a dirty filter) and automatically restores electricity when the

temperature drops to a safe level.  UE heaters may also contain a non-self-resetting

---

[1] As a NRTL, UL is audited by OSHA to ensure it remains independent of manufacturers, offers
a dispute resolution mechanism, and meets various other requirements.  *See* 29 C.F.R. § 1910.7.

3

thermal (NSRT) cutoff, which also shuts down the heater once a certain dangerously high temperature has been reached but keeps it shut down until it is re-set by an HVAC technician.

Warren's allegations surround Clause 30.16 of UL 1995, which states as follows:

> Except as specified in Clause 30.18, a unit employing electric heaters shall be provided with one or more manually resettable or replaceable backup protective devices [e.g., an NSRT] of the type specified in Clause 30.17 that will, with the contacts of the [ART] permanently closed, limit the temperatures to comply with the requirements specified in the Backup protection tests—Clause 48.

As noted in Clause 30.16, Clause 30.18 creates an exception to the NSRT requirement, "if no part of the [ART] circuit cycles under intended operating conditions."[2]  Warren argues—contrary to UL's interpretation of the standard—that "intended operating conditions" includes both normal (i.e., unrestricted airflow) *and* abnormal (i.e., restricted airflow) operating conditions, which limits this exception to a small number of UE heaters that do not produce enough heat to trigger an ART even when the heater is operating with restricted airflow. Therefore, according to Warren, to comply with UL 1995, Tutco's UE heaters

---

[2] Warren informs the court that "ARTs operate through a temperature sensing switch that cycles to open and close contacts in the electric circuit to enable and disable power leading to the heating elements, thereby activating and deactivating the UE Heater."

must, like Warren's, include an NSRT cutoff, as they do not fall into this narrow exception.

Warren alleges that UL's certification of Tutco's UE heaters that lack an NSRT cutoff, and hence – according to Warren's interpretation – do not comply with UL 1995, is a misrepresentation and a deceptive act.  Further, because Carrier buys only UL 1995-certified heaters, and Warren and Tutco are the only makers of UE heaters for Carrier HVAC systems, Warren maintains that all Tutco's sales to Carrier are sales Warren lost because of UL's and Tutco's misrepresentation and deception.

As the district recounted in its unpublished order dismissing the case, Tutco and UL argued that Warren "failed to identify any . . . misrepresentations" and, more fundamentally, lacked "the authority to interpret UL 1995 to determine UL 1995 compliance."  The district court agreed, stating that Warren lacked "convincing authority that it has the right to challenge UL's interpretation of its own standards in the context of claims for Lanham Act false advertising, FDUTPA, and common law unfair competition."  Accordingly, the court held Warren "alleged no cause of action that would permit the Court or Warren to substitute its judgment for UL's in interpreting UL 1995."

5

## II.    Analysis

This court reviews *de novo* a dismissal for failure to state a claim upon which relief can be granted, drawing reasonable inferences in favor of the non-moving party. *City of Miami v. Citigroup Inc.*, 801 F.3d 1268, 1275 (11th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

All Warren's claims proceed from the premise that UL and Tutco made a misrepresentation of fact. The first three counts of Warren's complaint rest upon allegations of false advertising under section 43(a) of the Lanham Act, which requires a plaintiff to establish that the defendant's ads were "false or misleading." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002). Similarly, to make out a claim under Florida's common law of unfair competition, Warren must show "deceptive or fraudulent conduct of a competitor." *Webster v. Dean Guitars*, 955 F.3d 1270, 1277 (11th Cir. 2020) (internal quotation marks and citation omitted). To sustain a claim under the FDUTPA, Warren must show "a deceptive act or unfair practice." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016).

6

To remind, the alleged misrepresentation upon which Warren's claims rely is that UL's certification of Tutco's heaters, and Tutco's advertising and sale of its heaters, as UL 1995 compliant is false because Tutco's heaters lack the NSRT cutoffs Warren says are required by Clause 30.16 of UL 1995. As UL points out, though a court considering a motion to dismiss generally accepts the non-moving party's allegations as true, a court is not required to credit "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted) (cleaned up). In this case, the district court was correct not to accept as true Warren's assertion regarding the proper interpretation of UL 1995.

That UL is a NRTL means it "is recognized by OSHA" as meeting certain criteria, among them that it "tests and examines equipment and materials . . . to determine conformance with appropriate test standards." 29 C.F.R. § 1910.7(b)(1)(i) (cleaned up). Determining the conformance of a product with a UL standard obviously requires UL to interpret the standard, just as conformance with a statute requires a court to interpret the statute. Warren calls UL's authorization to Tutco to use UL's mark, and Tutco's advertisements to that effect, "misrepresentations," but it really means nothing more than (by its lights) a "misinterpretation" of UL 1995. It does not follow, however, that even a misinterpretation of UL 1995 is a falsity – or, a "deceptive act" within the meaning

7

of the Lanham Act – rather than a matter of opinion, *see Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1311 (11th Cir. 2010) ("Statements of opinion are generally not actionable."), provided it was made in good faith and in accordance with OSHA's criteria for independence, procedural regularity, etc.[3]  *See* 29 C.F.R. § 1910.7(b).

Warren urges upon us the reasoning in *Board-Tech Electronic Co., Ltd. v. Eaton Electric Holdings LLC*, No. 17-cv-5028, 2017 WL 4990659 (S.D.N.Y. Oct. 31, 2017), which involved a manufacturer that sued a competitor, alleging, based upon the plaintiff's own testing, that the defendant falsely claimed its product complied with a UL standard.  The court dismissed the case in part because the plaintiff failed to support its claim to have tested a representative sample of specific products within a product line.  *Id.* at \*5.  Warren's point is that along the way the court recognized there may be cases in which "competitors are proper plaintiffs."  *Id.* at \*7.  As UL points out, however, the court ultimately decided it was up to UL, not the competitor, "to police the mark," *id*. at \*5–7; if UL failed to police its mark appropriately, then the remedy under 15 U.S.C. § 1064(5) would be

---

[3] In 2015, the STP agreed to amend UL 1995 to require NSRTs for all UE heaters—this standard took effect in July 2019, during the pendency of this appeal.  Warren argues that the STP's adoption of its preferred interpretation in the Fifth Edition (2015) of the UL 1995 standard supports its argument regarding the meaning of the Fourth Edition of the standard at the center of this appeal.  Tutco responds that the need to revise the standard in order to effect the change shows the Fourth Edition of the standard had not included the same requirement.  This dispute is irrelevant to the question whether Warren can authoritatively interpret the standard.

cancellation of its mark. *Id.* at *7.

That is not to say, however, as Warren claims, that if "a competitor can[not] plead an actionable misrepresentation against another competitor based on misrepresenting compliance with safety standards," then it "could *never* plead an actionable misrepresentation based on a miscertification by UL." To the contrary, if only the facts had warranted doing so, Warren could have brought an action alleging UL failed to meet its own standards for testing, *see Brand Mktg. Grp. v. Intertek Testing Servs.*, 801 F.3d 347, 360–61 (3d Cir. 2015) (holding a NRTL responsible for negligent misrepresentation because it "subjectively knew of, and consciously disregarded, a risk of harm" due to faulty testing); or interpreted the UL 1995 standard inconsistently over time, or applied it inconsistently to Warren and Tutco, or lacked independence relative to Tutco*, see Idaho Potato Comm'n v. M&M Produce Farm & Sales*, 335 F.3d 130, 133, 139 (2d Cir. 2003) (remanding for consideration on the merits of allegations that the registrant's certification mark should be cancelled for (1) "discriminatorily refusing to certify" products that met its standards; (2) "imposing standards for certification beyond" those it registered; and (3) "lack[ing] the independence necessary for certification mark owners under the Lanham Act").

III.    Conclusion

Because all of Warren's claims against UL and Tutco are based upon the same allegation of falsity, they fail for want of a misrepresentation or a deceptive act.[4] For this reason, the judgment of the district court dismissing Warren's complaint is

**AFFIRMED**.

---

[4] In addition, Warren's claims for declaratory and injunctive relief are moot because the Fifth Edition of the UL 1995 standard, which requires NSRT cutoffs in all UE heaters, has already gone into effect. *See Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("When the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury."). Thus, we need not address Warren's argument on appeal that its motion for rehearing on its FDUTPA claim should have been granted. We also do not need to reach Warren's contention that it has demonstrated sufficient proximate cause, as its failure to plead actionable misrepresentation forecloses its claims.