[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12998

Non-Argument Calendar

_____

HAROLD JEAN-BAPTISTE,

Plaintiff-Appellant,

*versus*

TARGET CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-23182-CMA

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Harold Jean-Baptiste experienced a health emergency resembling a heart attack after eating StoneFire naan he purchased from a Target store in Miami, Florida. He then sued Target Corporation, seeking damages. But the allegations in his *pro se* complaint are not really about Target. Rather, in Jean-Baptiste's telling, he was poisoned by an FBI special agent who, knowing from surveillance that he "love[d] to eat StoneFire naan," contaminated the packages with a "toxic substance" and placed them for him to purchase at the Miami Target. Then, according to Jean-Baptiste, the FBI agent came to the hospital where he was being treated and attempted to prevent the doctors and nurses from informing Jean-Baptiste of the toxic substance. Based on these allegations, the complaint raised a scattershot collection of claims against Target, from negligence to food-safety violations to civil- and human-rights violations.[1]

Before Target responded, the district court screened the complaint and dismissed it for failure to comply with federal pleading rules as a "quintessential shotgun pleading." *See* Fed. R. Civ. P. 8(a)(2), 10(b). Although the court granted leave to amend, Jean-

---

[1] In particular, Jean-Baptiste claimed that Target violated 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986, 21 U.S.C. §§ 342(a), 343, 350g, and 446, the Ninth Amendment, state tort law, and human-rights law.

Baptiste refiled a materially identical pleading, so the court dismissed the action without prejudice.  This appeal followed.

We review the district court's dismissal of a complaint on "shotgun" pleading grounds for an abuse of discretion.  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  A court has inherent authority to control its docket and, in some circumstances, can dismiss pleadings that fail to conform with the Federal Rules of Civil Procedure.  *Id.*

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both."  *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).  These rules "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading."  *Id.* (cleaned up).  A complaint is subject to dismissal as a shotgun pleading if it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claims rests."  *Weiland*, 792 F.3d at 1323.

Here, the district court did not abuse its discretion by dismissing Jean-Baptiste's complaint and amended complaint without prejudice.  The complaint contained a jumble of causes of action against Target supported only by "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1322–23.  The complaint did not allege that Target did anything beyond selling the naan which allegedly caused Jean-Baptiste's medical emergency.

Instead, any wrongdoing in relation to the naan was attributed to the unnamed FBI special agent who allegedly poisoned and then placed the products in the Miami Target store where Jean-Baptiste shopped. And no facts alleged in the complaint support Jean-Baptiste's conclusory assertion of a conspiracy between the FBI and Target. *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) ("A court is not required to credit conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts.") (quotation marks omitted). Even liberally construing the complaint, it fails to give "adequate notice of the claims against [Target] and the factual allegations that support those claims." *Weiland*, 792 F.3d at 1325.

The district court pointed out these and other deficiencies to Jean-Baptiste and gave him another opportunity to file a complaint that complied with federal pleading rules. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (stating that district courts must "sua sponte allow a litigant one chance to remedy [shotgun pleading] deficiencies"). Because Jean-Baptiste refiled a virtually identical pleading that did not cure any of the deficiencies cited by the district court, the court did not abuse its discretion by dismissing the action without prejudice. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018) ("If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds."). Accordingly, we affirm the district court's order dismissing the case without prejudice.

**AFFIRMED.**